**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

**Roosevelt Washington, et al.,**

        **Plaintiffs,**                           **Case No. 2:25-cv-324**

        **v.**                                **Judge James L. Graham**
                                              **Magistrate Judge Kimberly A. Jolson**

**Extended Stay America Inc.,**

        **Defendant.**

## REPORT AND RECOMMENDATION

Plaintiffs initiated this action on March 28, 2025.  (Doc. 1).  The Court put on an order addressing several deficiencies in their initial filing.  (Doc. 3; *see also* Doc. 2).  First, Plaintiffs' application to proceed *in forma pauperis* seemingly contained the financial information for Plaintiff Washington only, not Plaintiff Watkins. (Doc. 1 at 3 (signed by Plaintiff Washington only)).  And the form itself was missing key information that would allow the Court to determine if he qualified for *in forma pauperis* status. (Doc. 3 (noting the IFP application stated that Plaintiff Washington makes $3,200 per month but nowhere did he disclose his monthly expenses)).  The Court ordered Plaintiffs to each file a comprehensive *in forma pauperis* application. (*Id.*).  Second, the Court noted that the complaint itself was lacking in factual and legal specificity. (*Id.*).  The Court ordered Plaintiffs to file a more definite statement—signed by them both—that states the facts supporting their claims, describes the actions of the Defendant, specifies the relief requested, and clarifies the legal claims.  (*Id.*).

When Plaintiffs' deadline to complete these tasks passed, the Court ordered them to show cause why the Undersigned should not recommend that they be ordered to pay the filing fee to allow their case to proceed.  (Doc. 4).  They were given fourteen days to do so.  (*Id.*).  And they

were warned that failure to respond could result in their case being dismissed.  Yet Plaintiffs missed this deadline too.  And they have not filed revised *in forma pauperis* applications nor a more definite statement.  So, the Undersigned can only evaluate Plaintiff Washington's deficient *in forma pauperis* motion.

The Supreme Court, in *Adkins v. E.I. DuPont de Nemours & Co., Inc.*, set forth the legal standard applicable to a motion to proceed *in forma pauperis*.  335 U.S. 331 (1948).  An affidavit of poverty is sufficient if it reflects that the plaintiff cannot pay the court's filing fee without depriving herself the "necessities of life."  *Id*. at 339 (internal quotation marks omitted).  Although the plaintiff need not be totally destitute to proceed *in forma pauperis*, paying the filing fee must be more than a mere hardship.  *See Foster v. Cuyahoga Dep't of Health & Human Servs.*, 21 F. App'x 239, 240 (6th Cir. 2001) (noting that "the question is whether the court costs can be paid without undue hardship").  Consequently, unless it is clear that the one-time payment of the Court's filing fee will render the plaintiff unable to provide for herself, the Court cannot grant her *in forma pauperis* status.  *See Adkins*, 335 U.S. at 339.

The only helpful financial information the Court has before it is that Plaintiff Roosevelt Washington makes $3,200 per month from employment at Laz Parking, and he has no money in cash or in a bank account.  (Doc. 1 at 2–3).  Based on this information alone, it is not clear that the one-time payment of this Court's filing fee will render Plaintiff Roosevelt unable to provide for himself.  Furthermore, the Court does not have before it any information about Plaintiff Watkins's financial status, let alone a motion to proceed *in forma pauperis* that is signed by her.  As such, the Undersigned **RECOMMENDS** that the Court deny Plaintiff Washington's pending Motion for Leave to Proceed *in forma pauperis*.  (Doc. 1).  The Undersigned further **RECOMMENDS**

2

that should this Report and Recommendation be adopted, Plaintiffs be ordered to pay the filing fee within fourteen (14) days or else their case should be dismissed for want of prosecution.

### Procedure on Objections

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A Judge of this Court shall make a *de novo* determination of those portions of the Report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence, or may recommit this matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the District Judge review the Report and Recommendation *de novo* and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

IT IS SO ORDERED.

Date: May 21, 2025                    /s/ Kimberly A. Jolson
                                      KIMBERLY A. JOLSON
                                      UNITED STATES MAGISTRATE JUDGE

3